| | |
|---|---|
| TERESA BUSHBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.: 17-cv-1468<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiffs Teresa Bushberger is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes. Specifically, the alleged debt was for a personal credit card account.

5. Defendant Midland Credit Management, Inc. ("MCM") is a foreign corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

6. MCM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. MCM is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Midland is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about October 28, 2016, MCM mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Midland Funding LLC." A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was for an Ashley Furniture Homestore store-branded personal credit card, used only for personal, family, or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Midland to attempt to collect alleged debts.

12. Exhibit A includes the following text:

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the validation period described on the back of this letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 12-12-2016, we may proceed with forwarding this account to an attorney.

13. The statement in Exhibit A that MCM "may proceed with forwarding this account to an attorney" misleads the consumer as to the probability of legal action to collect the debt.

14. Midland Funding is a large, national debt buyer. Upon information and belief, it does not forward every allegedly delinquent account, or even every account belonging to a class member in this action, to an attorney if not resolved in non-attorney collections.

15. The unsophisticated consumer would believe that if she did not pay the settlement amount or make payment arrangements with MCM by 12-12-2016, a lawsuit would be filed against her by MCM or Midland Funding. The unsophisticated consumer would be intimidated into paying MCM over other creditors who do not use such false tactics based on a false belief that a lawsuit would be brought against her is she misses the 12-12-2016 deadline.

16. MCM's misrepresentation is a material misrepresentation because it misleads the unsophisticated consumer about risk of legal action. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

17. Moreover, several months after the stated deadlines of 12-12-2017 have elapsed, and Plaintiff has not received notice of any lawsuit filed by Midland Funding against her regarding the above account, and CCAP does not indicate that any lawsuit was filed.

18. Exhibit A additionally contains the following text:

**What are some options you can do to stop this process from continuing?**
In addition to the validation period described on the back of this letter, you can:

1) Mail in $500.00, or
2) Call us to see how to qualify for discounts and payment plans.

19. Exhibit A demands $500 "to stop this process from continuing," but such demand is misleading as to what "process" would "stop" upon payment of $500.

20. "This process" could refer to either the threat of legal action or the collection process in general, but in either case the unsophisticated consumer could readily understand the alternative.

3

21. It is ambiguous whether the $500 demand is consideration for (1) the settlement of the account, (2) a partial payment on the balance, (3) a partial payment of the balance that would result in MCM taking the account off a litigation track, or (4) a separate fee being levied to cease the threatened referral to an attorney for legal action.

22. MCM's parent corporation acquires portfolios for an average of approximately four cents on the dollar. Upon information and belief, MCM or its affiliate paid approximately $100 to acquire Plaintiff's account. Settlement for $500 would reap a significant profit.

23. The unsophisticated consumer would be concerned that MCM or Midland Funding could continue to collect the remainder, or even the total balance of the account, after paying the $500 demand.

24. The unsophisticated consumer would also be unduly pressured to overlook the ambiguity discussed above and make a $500 payment by December 12, 2016, in order to avoid legal action.

25. Plaintiff was confused by Exhibit A.

26. The unsophisticated consumer would be confused by Exhibit A.

27. Plaintiff had to spend time and money investigating Exhibit A.

28. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

29. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information

4

concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

30. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

5

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

33. 15 U.S.C. § 1692e(5) specifically prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. <u>Exhibit A</u> would mislead the unsophisticated consumer as to the probability of legal action to collect the debt by including the statement that MCM "may proceed with forwarding this account to an attorney."

38. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a) , 1692e(5), 1692e(10), and 1692f.

## COUNT II – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

6

40. The demand for $500 in order to "stop this process from continuing" included in Exhibit A would be misleading to the unsophisticated consumer as to what "this process" is referencing and whether the $500 would be accepted as a settlement of the account, a partial payment, or something else entirely.

41. Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f.

## CLASS ALLEGATIONS

42. Plaintiff brinsg this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter enclosed by an envelope in the form represented by Exhibit A (c) seeking to collect a debt for personal, family, or household purposes, (d) between October 26, 2016 and October 26, 2017, inclusive (e) that was not returned by the postal service.

43. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

44. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit B violates the FDCPA.

45. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

47. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

7

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 26, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com