UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TERESA BUSHBERGER,

          Plaintiff,

    v.                                  Case No. 17-CV-1468

MIDLAND CREDIT MANAGEMENT, INC.,

          Defendant.

---

# DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

---

Plaintiff Teresa Bushberger brought this proposed class action against defendant Midland Credit Management, Inc. for an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Midland Credit moves to dismiss the complaint on the ground that, at the time she filed the complaint, Bushberger lacked standing to bring it. (ECF No. 34.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 10.) The motion has been fully briefed and is ready for resolution.

# FACTS

On or about October 28, 2016, Midland Credit sent Bushberger the collection letter that is the subject of this action. (ECF No. 1-1.) Four months later, on February 27, 2017, Bushberger filed a voluntary Chapter 7 bankruptcy petition. *In re Bushberger*, Case No. 17-21474 (Bankr. E.D. Wis.). In her bankruptcy petition, Bushberger did not schedule an FDCPA claim against Midland Credit "because, although the debt collection letter [Midland Credit] mailed to her was ambiguous and confusing on its face, [Bushberger's] attorneys did not believe it violated the FDCPA at the time [Bushberger] filed her bankruptcy." *In re Bushberger*, ECF No. 24 at 2. On June 6, 2017, Bushberger received a discharge from the bankruptcy court and the bankruptcy case was closed. *In re Bushberger*, ECF No. 10.

On October 26, 2017, a little over four months after the bankruptcy case was closed and just inside the one-year statute of limitations set forth in the FDCPA, Bushberger filed the class-action complaint in this action. (ECF No. 1.) In her complaint Bushberger alleges that the letter she received from Midland Credit contained language that "misleads the consumer as to the probability of legal action to collect the debt." (*Id.*, ¶ 13.) She also alleges that the letter ambiguously states that for a payment of $500 Bushberger could "stop this process from continuing[.]" (*Id.*, ¶¶ 18-21.) The complaint alleges that Bushberger was confused by the letter (*id.*, ¶ 25) and that the letter violates the FDCPA.

On February 14, 2018, Midland Credit moved to dismiss the complaint on the ground that Bushberger did not have standing to prosecute the FDCPA claim and because she was judicially estopped from pursuing it as a result of not disclosing it during the bankruptcy proceedings. (ECF No. 11.) The next day, February 15, 2018, Bushberger filed in the bankruptcy court a Motion to Reopen Case to Permit Amendment of the Schedules in which she sought to exempt the FDCPA claim against Midland Credit. *In re Bushberger*, ECF No. 12. While that motion was pending, Bushberger filed in this court a motion to stay the resolution of Midland Credit's motion to dismiss pending resolution of the proceedings in the bankruptcy court. (ECF No. 15.) Midland Credit opposed the motion to stay. (ECF No. 18.) Over Midland Credit's objection, this court granted Bushberger's motion to stay. (ECF No. 20.)

Meanwhile, back in the bankruptcy court, over Midland Credit's objection the court reopened the case for the purpose of determining whether the FDCPA claim was property of the bankruptcy estate. *In re Bushberger*, ECF No. 21. After briefing, the court on June 27, 2018, issued a decision determining that "the FDCPA action is property of the bankruptcy estate that [Bushberger] may schedule and claim exempt, subject to the rights of the creditors and trustee to object to the exemption." *In re Bushberger*, ECF No. No. 27 at 8. Bushberger then scheduled the FDCPA claim against Midland Credit with a value of $1,000 and exempted $1,000 of that asset. *In re Bushberger*, ECF No. 28 at 5. Midland Credit objected to Bushberger's claim of exemption, arguing that it became time-barred

3

Case 2:17-cv-01468-WED   Filed 05/28/19   Page 3 of 14   Document 40

under the FDCPA in October 2017. *In re Bushberger*, ECF No. 29. On September 27, 2018, Midland Credit's objection to Bushberger's claim of exemption was overruled by the bankruptcy court. *In re Bushberger*, ECF No. 35.

On or about February 12, 2019, counsel for Bushberger informed this court that, in correspondence with the Chapter 7 trustee in Bushberger's bankruptcy case, the trustee "indicated that the closing of Ms. Bushberger's bankruptcy case acts as an abandonment of any assets and that the trustee will not be taking any further action in Ms. Bushberger's bankruptcy case." (ECF No. 30.) As a result, on February 14, 2019, this court issued an order vacating the stay. (ECF No. 31.)

On March 21, 2019, Midland Credit filed the present motion to dismiss. (ECF No. 34.)

## ANALYSIS

Midland Credit contends that Bushberger lacked standing to bring this case when she filed her complaint because the trustee of the bankruptcy estate had the exclusive right to prosecute the alleged claims. (ECF No. 35 at 5.) As a result, the complaint was a nullity when filed, and no future filings can relate back to a nullity. (*Id.*) And, it argues, there is no such thing as "retroactive standing" that would permit the court to retroactively confer standing on Bushberger. (*Id*. at 6-8.) As a result, it seeks dismissal pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

Bushberger's FDCPA claim against Midland Credit accrued before she filed for bankruptcy. Thus, when Bushberger filed her bankruptcy petition, her claim became part of the bankruptcy estate and was prosecutable only by the trustee. *See Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (citing 11 U.S.C. § 541(a)(1); *Pease v. Prod. Workers Union*, 386 F.3d 819, 821-22 (7th Cir. 2004)); *Polis v. Getaways, Inc. (In re Polis)*, 217 F.3d 899, 902 (7th Cir. 2000); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999); *Chatman v. Weltman*, 325 F. Supp. 3d 875, 880 (N.D. Ill. 2018) (quoting *Nehmelman v. Penn Nat. Gaming, Inc.*, 790 F. Supp. 2d 787, 791 (N.D. Ill. 2011)); *see also* 11 U.S.C. § 323(b); *Kleven v. Walgreen Co.*, 373 F. App'x 608, 610 (7th Cir. 2010) (unpublished). Because she did not schedule the claim, it remained part of the estate even after the bankruptcy case closed. *Matthews v. Potter*, 316 F. App'x 518, 521 (7th Cir. 2009) (unpublished); *Phillips v. United States EEOC*, No. 3:15cv565, 2016 U.S. Dist. LEXIS 122797, at *18 (N.D. Ind. Sep. 9, 2016); *Muhammad v. Aurora Loan Servs., LLC*, No. 13-cv-01915, 2015 U.S. Dist. LEXIS 41342, at *10 (N.D. Ill. Mar. 31, 2015); *Williams v. United Techs. Carrier Corp.*, 310 F. Supp. 2d 1002, 1010 (S.D. Ind. 2004) (quoting 11 U.S.C. § 554(d)). Therefore, when she filed her complaint in this case, she was not the proper party to prosecute it.

Several courts have spoken of the debtor lacking "standing" to prosecute a claim that belongs to the bankruptcy estate. *See, e.g.*, *Cable*, 200 F.3d at 472; *Polis*, 217 F.3d at 904; *Chatman*, 325 F. Supp. 3d at 880; *see also Gunartt v. Fifth Third Bank (In re Gunartt)*, 355 F. App'x 66, 68 (7th Cir. 2009) (unpublished); *Matthews*, 316 F. App'x at 521 (unpublished);

*Flerlage v. Vill. of Oswego*, No. 13-cv-6024, 2017 U.S. Dist. LEXIS 196692, at *11-13 (N.D. Ill. Nov. 30, 2017); *Muhammad*, 2015 U.S. Dist. LEXIS 41342, at *10; *Balik v. Blitt & Gaines, P.C.*, No. 14 C 8702, 2015 U.S. Dist. LEXIS 20869, at *5 (N.D. Ill. Feb. 21, 2015); *Brucker v. Quirk, Inc.*, No. 13 C 5903, 2014 U.S. Dist. LEXIS 31595, at *7 (N.D. Ill. Mar. 12, 2014); *Spaine v. Cmty. Contacts, Inc.*, No. 12 C 5304, 2013 U.S. Dist. LEXIS 127262, at *9 (N.D. Ill. Sep. 6, 2013); *Viette v. Hosp. Staffing, Inc.*, No. 12 C 2327, 2013 U.S. Dist. LEXIS 78838, at *6 (N.D. Ill. June 5, 2013); *Esparza v. Costco Wholesale Corp.*, No. 10 CV 5406, 2011 U.S. Dist. LEXIS 148622, at *10 (N.D. Ill. Dec. 28, 2011).

"Standing" in this context may be an appropriate shorthand for "prudential standing," which is "a more complex, judge-made concept of standing," *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 744 (7th Cir. 2007); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), encompassing a variety of legal doctrines, *Mainstreet Org. of Realtors*, 505 F.3d at 745; *Fmc Corp. v. Boesky*, 852 F.2d 981, 988 (7th Cir. 1988), including the requirement in Federal Rule of Civil Procedure 17 that the plaintiff be the "real party in interest," *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008*); see also G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 540-41 (7th Cir. 2012). It is this principle—"real party in interest"—that is implicated when a debtor attempts to prosecute a claim that belongs to the bankruptcy estate and thus may be prosecuted only by the trustee. *See Biesek*, 440 F.3d at 413 ("So the threshold issue is … whether Biesek is the real party in interest. He appears to be an interloper, trying to prosecute a claim that

belongs to his estate in bankruptcy."); *Kleven*, 373 F. App'x at 611; *Wendelken v. James Hardie Bldg. Prods.*, No. 17 CV 2797, 2018 U.S. Dist. LEXIS 101062, at *4-6 (N.D. Ill. June 18, 2018); *Sparks v. Norfolk S. Ry. Co.*, No. 2:14 CV 40, 2016 U.S. Dist. LEXIS 131870, at *3 (N.D. Ind. Sep. 27, 2016); *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 982 (N.D. Ill. 2014) ("Ace's argument that this action belongs to Lorenz's bankruptcy estate presents a prudential question of who is the 'real party in interest' under Rule 17(a)".).

Prudential standing is different from constitutional or Article III standing. *See Newdow*, 542 U.S. at 11-12. To establish that she has constitutional standing, "a party must demonstrate … (1) an injury in fact; (2) 'a causal connection between the injury and the conduct complained of'; and (3) a likelihood that the injury will be redressed by a favorable decision." *Rawoof*, 521 F.3d at 756 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Midland Credit does not address these requirements of constitutional standing, nor does it argue that Bushberger has failed to satisfy them.

In fact, Midland Credit does not address the distinction between constitutional and prudential standing at all other than to argue that a case relied on by Bushberger, where the district court discussed the distinction between prudential and constitutional standing, "is bad law that relies upon and discusses in-depth a differentiation between different types of standing that plaintiff neglects to inform the Court has been since overruled." (ECF No. 39 at 8.) Midland Credit's statement that the difference between constitutional and prudential standing has been "overruled" is based on a statement from

7

the Court of Appeals for the Seventh Circuit that "labels like 'prudential standing' and 'statutory standing' are misleading and should be avoided." *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 645 (7th Cir. 2015) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014)).

But Midland Credit misunderstands what the Court of Appeals was saying. The court was not somehow overruling or abandoning the long-established and deeply ingrained principle of prudential standing. Rather, it was acknowledging that, to lawyers and judges, "standing" tends to refer to constitutional standing, and connotes jurisdiction. To avoid the sort of misunderstandings that form the basis for Midland Credit's motion to dismiss, courts should refer to the specific principle at issue rather than using the broad term "prudential standing" or, worse yet, simply "standing." Here the principle at issue is "real party in interest."

Notwithstanding its failure to use the term, it is clear that, when Midland Credit alleges Bushberger lacks "standing," it can properly be referring only to prudential standing.[1] As noted above, Midland Credit does not suggest that Bushberger has not adequately alleged an injury in fact, a connection between that injury and Midland Credit's conduct, or a likelihood that that this injury may be redressed by a favorable decision—that is, the three elements of constitutional standing. The court finds that, when

---

[1] For example, to support its argument that "Rule 17(a)(3) also cannot be used to remedy a standing deficiency," Midland Credit relies on *Cortlandt St. Recovery Corp. v. Hellas Tellcomms.*, 790 F.3d 411, 423 (2d Cir. 2015) and *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2000). (ECF No. 39 at 1-2.). But both of these cases addressed how Rule 17(a)(3) applied when the plaintiff lacked constitutional standing when the complaint was filed.

she filed this lawsuit, Bushberger had constitutional standing to pursue the FDCPA claim against Midland Credit. *Cf. Williams*, 310 F. Supp. 2d at 1010 ("Because Williams was the individual who allegedly suffered discrimination at the hands of Carrier, the Court finds that Williams has constitutional standing.").

That is not to say that a complaint is to be dismissed only when the plaintiff lacks constitutional standing. A claim initiated by a person that is not the real party in interest (that is, by someone who lacks prudential standing) may be subject to dismissal. *See* Fed. R. Civ. P. 17(a)(3); *Rawoof*, 521 F.3d at 756-57; *see also Wendelken*, 2018 U.S. Dist. LEXIS 101062, at *5-6; *Sparks*, 2016 U.S. Dist. LEXIS 131870, at *3. However, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

In some instances, while not the real party in interest at the time the complaint is filed, the prudential standing defect is cured by the person becoming the real party in interest. Of course, if the plaintiff did not become the real party in interest until after the statute of limitations had run, dismissal still may be appropriate. *See Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 562 (3d Cir. 2008) (quoting 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1555 (2d ed. 2008)); *see also*

9
Case 2:17-cv-01468-WED   Filed 05/28/19   Page 9 of 14   Document 40

Fed. R Civ. P. 17, comment to the 1966 amendment. However, when the plaintiff is not the real party in interest because the claim belongs to the bankruptcy estate, but the plaintiff subsequently becomes the real party in interest either through exemption or abandonment of the claim, dismissal is not automatic even if the statute of limitations has run. *Cf. Williams*, 310 F. Supp. 2d at 1009-12.

Because Midland Credit states explicitly—adamantly might be a better description—that it is not bringing a Rule 17 motion (*see* ECF No. 39 at 1-9), it is unnecessary to consider whether Bushberger's complaint is subject to dismissal under Rule 17. Midland Credit's argument is strictly that the court is without jurisdiction and that dismissal is required under Rules 12(b)(1) and (h)(3). Thus, the question is narrow: whether the court is deprived of jurisdiction by virtue of Bushberger filing this action at a time when the claim could be prosecuted only by the bankruptcy trustee.[2]

Midland Credit's position, that the court lacked jurisdiction because Bushberger was not the real party in interest when she filed her complaint, is not without legal support. Courts have often regarded the requirement that a lawsuit be prosecuted by the real party in interest as a jurisdictional standing requirement. *See, e.g., Putzier*, 50 F. Supp. 3d at 981-85; *Smith-Taylor v. Bridgecrest Credit Co., LLC*, No. 17-CV-1198-NJR-SCW, 2018 U.S. Dist. LEXIS 104942, at *4 (S.D. Ill. June 22, 2018); *Muhammad*, 2015 U.S. Dist. LEXIS

---

[2] The court has discretion to sua sponte consider matters of prudential standing, *see Rawoof*, 521 F.3d at 757; *G&S Holdings LLC*, 697 F.3d at 540, but in light of Midland Credit's express disavowal of Rule 17 as a basis to dismiss, the court declines to do so. Moreover, the court finds Midland Credit has waived any such argument.

41342, at *9-10; *Crooks v. Household Fin. Corp. III*, No. 3:11-CV-221 RM, 2011 U.S. Dist. LEXIS 98745, at *6 (N.D. Ind. Aug. 30, 2011); *Stone v. Stenz*, No. 1:08-cv-94-SEB-JMS, 2008 U.S. Dist. LEXIS 119235, at *5 (S.D. Ind. May 21, 2008). However, it appears that these and other similar decisions failed to address the implications of the distinction between constitutional and prudential standing.

The Court of Appeals for the Seventh Circuit has made it clear that a failure to prosecute an action by the real party in interest is *not* a jurisdictional defect. *See, e.g.*, *Knopick v. Jayco, Inc.*, 895 F.3d 525, 529 (7th Cir. 2018) ("Another potential jurisdictional issue is whether Knopick as an individual distinct from his LLC has standing to assert these claims, or whether his status raises only an issue of the real party in interest, which is not a jurisdictional question.") (citing *Rawoof*, 521 F.3d at 756); *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 771 (7th Cir. 2013) ("there are also 'prudential' standing requirements, one of which is that 'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.' Prudential-standing rules, unlike constitutional ones, are not jurisdictional and therefore may be disregarded in certain circumstances." (internal citations omitted)).

Therefore, Bushberger's complaint was not a "nullity" that was "dead on arrival," as Midland Credit argues (ECF No. 35 at 6). Bushberger was entitled to the opportunity to cure the real-party-in-interest problem. If a plaintiff is unable to cure the real-party-in-

interest problem, dismissal pursuant to Rule 12(b)(1) may be appropriate. *See G&S Holdings LLC*, 697 F.3d at 540-41 (affirming dismissal of an action under Rule 12(b)(1) when the plaintiffs were not the real parties in interest). Bushberger, however, has cured the defect and thus now is the real party in interest. When she returned to the bankruptcy court, she amended her schedules and the court approved her exemption of the FDCPA claim against Midland Credit. At that point she regained the right to prosecute her claim. *See In re Ring*, 138 F. App'x 834, 837 (7th Cir. 2005) (unpublished) ("Like other property, though, a legal claim may remain outside the estate if the debtor utilizes an available exemption, 11 U.S.C. § 522, or the claim may revert back to the debtor if the trustee chooses to abandon it as estate property, *id.* § 554."); *Spiegel v. Ashwood Fin., Inc.*, No. 1:16-cv-01998-LJM-DML, 2017 U.S. Dist. LEXIS 14473, at *7 n.1 (S.D. Ind. Feb. 2, 2017); *Ball v. Nationscredit Fin. Servs. Corp.*, 207 B.R. 869, 872 (N.D. Ill. 1997). Although Bushberger became the real party in interest only after the statute of limitations had run, Midland Credit's motion to dismiss depends on its assertion that Bushberger's complaint was a nullity when it was filed. (ECF Nos. 35 at 3, 5, 6, 7, 8; 39 at 10-11.) It argues that, because the initial complaint was a nullity, the fact that Bushberger subsequently became the real party in interest is irrelevant. (ECF No. 39 at 11-13.)

But the fact that Bushberger was not the real party in interest was not a jurisdictional defect that deprived the court of authority to act. It was merely a defect that, once raised by Midland Credit, Bushberger was obligated to remedy. She has done so,

and the case may now proceed. Again, although the failure to initiate an action in the name of the real party in interest under Rule 17 may have implications as regards the statute of limitations, Midland Credit is explicit that it is not making any argument under Rule 17. Therefore, the court does not consider whether dismissal may have been appropriate under Rule 17 by operation of the statute of limitations.

The court does not find that the dicta in *Polis*, 217 F.3d at 904, compels a different conclusion. In *Polis*, the issue was whether the lower courts properly denied an exemption for the debtor's Truth in Lending Act claim. *Id.* At 901. The court of appeals concluded that the lower courts (the bankruptcy court and then the district court) erred in not approving the exemption. Thus, the court remanded. But in closing the court stated:

> Although the dismissal of the suit must therefore be reversed, it is unclear what follows. For remember that the suit was filed before Polis's claim was exempted and thereby taken out of the debtor's estate, which is in the trustee's control, not hers. If the district court therefore had no jurisdiction over her suit when it was filed, then, since the statute of limitations has now run on her claim, barring her from refiling her complaint, she may be blocked from continuing with the suit. But we leave that to be sorted out on remand.

*Id.* at 904.

The court's comment as to what might follow if the court lacked jurisdiction when the case was filed is inapposite; this court did not lack subject matter jurisdiction when Bushberger filed her complaint. Although the district court in *Polis* ultimately did dismiss the lawsuit pursuant to Rule 12(b)(1) for want to jurisdiction, it did so by conflating

13

prudential and constitutional standing. *See Polis v. Getaways, Inc.*, Case Number: 98 C 1808, 2001 U.S. Dist. LEXIS 2021, at *3-4 (N.D. Ill. Feb. 22, 2001) (citing *Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc.*, 528 U.S. 167 (2000); *Lujan*, 504 U.S. at 560).

In sum, Midland Credit is correct that Bushberger lacked "standing" when she filed her complaint. However, she lacked prudential standing, not constitutional standing. Specifically, she was not the real party in interest. This defect was not jurisdictional. Consequently, now that Bushberger has become the real party in interest, she may proceed.

**IT IS THEREFORE ORDERED** that the "Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(h)(3) is **denied**.

Dated at Milwaukee, Wisconsin this 28th day of May, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

14
Case 2:17-cv-01468-WED   Filed 05/28/19   Page 14 of 14   Document 40